UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

FARIS BALCI,                                    **24-cv-02223**

         Plaintiff,                        **COMPLAINT**

  -against-

543 EAST MEADOW CORP., IBRAHAM
AK, HACER AK, AND EROL KILIC,

         Defendants.

-----------------------------------------------------------X

      Plaintiff, FARIS BALCI ("Plaintiff"), as and for his Complaint against Defendants, 543 EAST MEADOW CORP. ("543 East Meadow"), IBRAHAM AK, HACER AK, and EROL KILIC ("Kilic") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

    1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("N.Y.C.R.R."), to recover lost wages and other relief related to his employment with Defendants.

    2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

    3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

    4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult male currently residing in the State of New York.

6. Upon information and belief, Ibraham Ak is an adult male currently residing in the State of New York.

7. Upon information and belief, Hacer Ak is an adult female currently residing in the State of New York.

8. Upon information and belief, Kilic is an adult male currently residing in the State of New York.

9. Upon information and belief, 543 East Meadow is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

### Defendant 543 East Meadow Corp.

10. Upon information and belief, 543 East Meadow maintains a principal place of business at 543 East Meadow Avenue, East Meadow, New York 11554.

11. Upon information and belief, 543 East Meadow operates the Conoco gas station located at 543 East Meadow Avenue, East Meadow, New York 11554.

12. At all times relevant to this Complaint, 543 East Meadow had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

13. At all times relevant to this Complaint, 543 East Meadow had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

14. At all times relevant to this Complaint, 543 East Meadow had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. At all times relevant to this Complaint, 543 East Meadow was a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed Plaintiff.

16. During Plaintiff's employment, 543 East Meadow maintained control, oversight, and direction over him, including timekeeping, payroll, and other employment practices.

**Individual Defendants Ibraham Ak, Hacer Ak, and Erol Kilic (collectively, the "Individual Defendants")**

17. At all relevant times, the Individual Defendants were individuals engaging in business within this judicial district.

18. Upon information and belief, the Individual Defendants were and continue to be owners, officers, directors, shareholders, and/or managing agents of 543 East Meadow.

19. At all relevant times, the Individual Defendants ran the daily operations of 543 East Meadow.

20. At all relevant times, the Individual Defendants participated in the management and supervision of Plaintiff and his work for 543 East Meadow.

21. At all relevant times, the Individual Defendants exercised operational control over 543 East Meadow, controlled significant business functions of 543 East Meadow, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of 543 East Meadow in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including as those policies related to Plaintiff.

22. At all relevant times, the Individual Defendants determined the wages and compensation of 543 East Meadow's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

23. At all relevant times, the Individual Defendants were employers within the meaning of the FLSA and the NYLL and employed Plaintiff.

24. The Individual Defendants participated in the decision to hire Plaintiff.

25. The Individual Defendants participated in deciding the job duties that Plaintiff performed.

26. The Individual Defendants participated in directing Plaintiff's job duties and responsibilities.

27. The Individual Defendants participated in the supervision of Plaintiff's job duties and responsibilities.

28. The Individual Defendants participated in deciding the manner in which Plaintiff was paid.

29. The Individual Defendants participated in deciding the compensation Plaintiff was paid.

30. The Individual Defendants were responsible for ensuring Plaintiff was paid properly.

**Defendants Constitute Joint Employers and a Single Enterprise**

31. The Individual Defendants own, operate, and/or control 543 East Meadow.

32. The Individual Defendants possess operational control over 543 East Meadow, possess an ownership interest in 543 East Meadow, and control significant functions of 543 East Meadow.

33. Each Defendant possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff.

34. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

35. Defendants managed Plaintiff's employment, including the amount of time worked and the rates that he was paid.

36. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Plaintiff Faris Balci**

37. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

38. Defendants employed Plaintiff as a gas station attendant for their benefit and at their direction.

39. Plaintiff's job duties included pumping gas and operating the register.

40. Defendants employed Plaintiff from on or about October 28, 2022 until on or about January 1, 2024.

41. Throughout Plaintiff's employment, he worked six (6) days per week with Saturdays off.

42. Each shift, Plaintiff worked from 6:00 p.m. until 5:00 a.m. without uninterrupted meal breaks.

43. Throughout Plaintiff's employment, he worked sixty-six (66) hours per week.

44. Throughout Plaintiff's employment, Defendants paid him $14.00 per hour for every hour that he worked.

45. Defendants paid Plaintiff in cash.

46. Defendants paid Plaintiff on a weekly basis.

47. In 2022, Defendants paid Plaintiff less than the statutory minimum wage rate, which was $15.00 per hour.

48. Throughout his employment, Defendants only paid Plaintiff at "straight-time" for all hours worked.

49. Throughout his employment, Defendants failed to pay Plaintiff overtime compensation at time and one-half his regular rate of pay for each hour that he worked in excess of forty (40) hours.

50. Throughout his employment, Defendants failed to pay Plaintiff spread of hours compensation for each workday that spanned greater than ten (10) hours.

51. Defendants failed to provide Plaintiff with a wage notice at the time of his hiring, as required by NYLL section 195(1).

52. Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

53. Defendants were aware of Plaintiff's work hours and pay rates but failed to pay him the proper wages to which he was entitled under the law.

54. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

55. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## <u>FAILURE TO COMPENSATE FOR OVERTIME</u>

56. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

57. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

58. 543 East Meadow are subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or engaged in the production of goods for commerce.

59. At all times relevant to this Complaint, 543 East Meadow had two (2) or more employees, including Plaintiff, handle goods or materials that have moved in interstate commerce.

60. Upon information and belief, the gross annual volume of sales made or business done by 543 East Meadow in each applicable year was not less than $500,000.00.

61. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

62. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

63. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

64. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

65. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during their employment.

66. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

67. Defendants did not act in good faith with respect to the conduct alleged herein.

68. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## <u>FAILURE TO PAY OVERTIME</u>

69. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

70. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

71. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA.

72. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

73. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

74. Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived him of proper overtime compensation.

75. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

76. Defendants have not acted in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, attorneys' fees, and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

78. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

80. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

81. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

82. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## <u>FAILURE TO PAY SPREAD OF HOURS</u>

83. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

84. As set forth herein, Plaintiff regularly worked a spread of hours beyond ten (10) per day during his employment with Defendants.

85. Defendants never paid spread of hours pay to Plaintiff as required by the NYLL.

86. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

87. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## <u>FAILURE TO PROVIDE WAGE NOTICES</u>

88. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

89. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

10

and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

90. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

91. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

92. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

93. Defendants willfully failed to provide Plaintiff with accurate wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

94. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

95. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, minimum wages, and spread of hours compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York  
        March 26, 2024

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.

*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com